## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GREENWICH INSURANCE
COMPANY,

Plaintiff,

v.

LION COLLIER RIDGE PROPERTY
OWNER, LLC; LION REAL ESTATE
GROUP, LLC; CARRIE PRICE;
WILLIAM A. CARDOZA, and
JACKSON SPEIDEL,

Defendants.

Civil Action No.:

**COMPLAINT FOR
DECLARATORY JUDGMENT**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Greenwich Insurance Company seeks a declaratory judgment as to

its rights and obligations under an insurance policy issued by Greenwich to

Defendants Lion Collier Ridge Property Owner, LLC and Lion Real Estate Group,

LLC.

## PARTIES, JURISDICTION, AND VENUE

1.      This is a declaratory judgment action, brought pursuant to 28 U.S.C.

§ 2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine the rights

of the parties under a policy of insurance issued by Greenwich.

2.      Plaintiff Greenwich Insurance Company is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut.

3.      Defendant Lion Collier Ridge Property Owner, LLC is a limited liability company which, upon information and belief, is composed of two individual members: Jeffrey Weller and Moray Barak. Upon information and belief, Mr. Weller is a citizen and resident of Tennessee, and Mr. Barak is a citizen and resident of California.

4.      Defendant Lion Real Estate Group, LLC is a limited liability company which, upon information and belief, is composed of two individual members: Jeffrey Weller and Moray Barak. Upon information and belief, Mr. Weller is a citizen and resident of Tennessee, and Mr. Barak is a citizen and resident of California.

5.      Defendant Carrie Price, an individual, is a citizen and resident of Georgia.

6.      Defendant William A. Cardoza, an individual, is a citizen and resident of Georgia.

7.      Defendant Jackson F. Speidel, an individual, is a citizen and resident of Florida.

48798365

8. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Greenwich's claim occurred within the Northern District of Georgia.

## **FACTUAL BACKGROUND**

10. Defendant Lion Collier Ridge Property Owner, LLC ("Lion Collier") owns and operates the Collier Ridge Apartments, an apartment complex located at 100 Noble Creek Drive NW, Atlanta, Georgia 30327 (the "Complex").

11. Upon information and belief, Lion Real Estate Group, LLC ("Lion Real Estate") is the owner, parent, and/or holding company of Lion Collier.

12. At all relevant times, Defendants Price and Cardoza were employed by or otherwise acting as real estate managers on behalf of Lion Collier with regard to the Complex.

13. At all relevant times, Defendant Jackson F. Speidel resided at the Complex.

14. On June 5, 2021, Mr. Speidel was removing trash from the trunk of his vehicle to take it to a dumpster located at the Complex. As he was removing the

48798365

items from the trunk, he was struck by a car that pinned his legs between the bumper of two vehicles and caused serious injuries.

15.    The vehicle that struck Mr. Speidel was being driven by Gaelen Newsom, a former resident of the Complex with whom Mr. Speidel was unfamiliar prior to the incident.

16.    On January 28, 2022, Mr. Newsom was charged in a Fulton County, Georgia Grand Jury indictment with six crimes arising out of striking Mr. Speidel with a vehicle.

17.    Mr. Newsom ultimately pleaded guilty to three of the charges resulting from his hitting Mr. Speidel with a vehicle. Specifically, Mr. Newsom pleaded guilty to and was convicted of the following: (a) Aggravated Assault (Vehicle Into Person), O.C.G.A. § 16-5-21; (b) Aggravated Battery, O.C.G.A. § 16-5-24 (with respect to Mr. Speidel's right leg); and (c) Aggravated Battery, O.C.G.A. § 16-5-24 (as to Mr. Speidel's left leg).  Attached as Exhibits A and B are the indictment returned against Mr. Newsom and his guilty plea. *See* Ex. A (Indictment), p. GREENWICH_00011-12; Ex. B (Plea) p. GREENWICH_00021.

18.    On March 9, 2023, Mr. Speidel filed a lawsuit in the State Court of Gwinnett County, Georgia seeking damages for injuries suffered as a result of being hit by Mr. Newsom's car at the Complex on June 5, 2021. That action is captioned *Jackson F. Speidel v. Lion Collier Ridge Property Owner, LLC; Lion*

4

48798365

*Real Estate Group, LLC; Carrie Price; William A. Cardoza, et al.*, Civil Action No. 23-C-01534-S6, State Court, Gwinnet County ("Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit C.

19.    In the Underlying Lawsuit Mr. Speidel alleges that the defendants in that case—Lion Collier, Lion Real Estate, Ms. Price, and Mr. Cardoza, all of whom are Defendants in this matter—owned, operated, controlled, and managed the Complex. Further, the Underlying Lawsuit complaint generally alleges that, as a result of the Underlying Lawsuit defendants' negligence in failing to exercise care to keep the premises of the Complex safe and provide adequate security, the Underlying Lawsuit defendants proximately caused and are liable for the injuries and damages suffered by Mr. Speidel as a result of being hit by the car operated by Mr. Newsom. *See* Ex. C.

**THE GREENWICH POLICY**

20.    Greenwich issued policy number PPP7474946 to named insureds Lion Collier and Lion Real Estate for the policy period April 15, 2021 to April 15, 2022 (the "Greenwich Policy"). A copy of the Greenwich Policy is attached as Exhibit D.

21.    In general, and subject to its terms and conditions, the Greenwich Policy provides Commercial Excess/Umbrella Liability insurance to Lion Collier and Lion Real Estate. Defendants Price and Cardoza are or may be insureds under

5

48798365

the Greenwich Policy on the basis that they were employed by or otherwise acting on behalf of named insureds Lion Collier and/or Lion Real Estate with respect to their acts or omissions allegedly giving rise to liability for the claims of Mr. Speidel.

22.   The coverages provided by the Greenwich Policy are excess to the coverages provided by a Commercial General Liability policy issued by Penn-America Insurance Company to Lion Collier and Lion Real Estate bearing policy number PAV0289255 with an effective period of April 15, 2021 to April 15, 2022 (the "Primary Policy").  A copy of the Penn-America Primary Policy is attached as Exhibit E.

23.   The Greenwich Policy provides both Excess Liability coverage (referred to as "Coverage E") and Umbrella Liability coverage (referred to as "Coverage U"), subject to its terms, conditions, limitations, and exclusions, with a limit of coverage of $5 million for each occurrence and in the aggregate. *See* Ex. D, p.  GREENWICH_00051; 00064-79.

24.   Coverage E of the Greenwich Policy provides that Greenwich will pay on behalf of an insured amounts that an insured becomes legally obligated to pay in excess of the "underlying insurance," i.e., the Primary Policy. *Id.*, p. GREENWICH_00064-65.

48798365

25.     The Primary Policy generally contains a $1,000,000 per occurrence limit of liability to be paid by Penn-America for liability imposed upon an insured and otherwise covered under the terms of the Primary Policy. Ex. E, p. GREENWICH_00118.

26.     The Primary Policy includes an endorsement that bars coverage for claims arising out of an assault or battery. *Id.*, p. GREENWICH_00158.

27.     The Primary Policy also includes an endorsement which restores limited coverage for claims arising out of an assault or battery.  Endorsement SE2054(10/20) to the Primary Policy, entitled Limited Assault or Battery Coverage – Designated Premises, provides a $100,000 per event and aggregate limit of insurance for injury arising out of an "assault" or "battery" occurring at the Complex.  *Id.*, p. GREENWICH_00123, 00162.

28.     The term "assault" is defined in the Primary Policy to mean an intentional act or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of injury *Id.*, p. GREENWICH_00162.  The term "battery" is defined as intentional or reckless use of force that results in an injury, whether or not the actual injury inflicted was intended or expected. *Id.*

29.     Paragraph 1.h. of Coverage E in the Greenwich Policy provides that:

When injury or damage arising out of an exposure covered by "underlying insurance" is subject to a separate "limit" under the terms

48798365

of that coverage, this Commercial Excess/Umbrella Liability Coverage will apply to injury or damage arising out of that exposure only if the separate "limit" is shown in the Schedule of Underlying Insurance.

Ex. D, p. GREENWICH_00068.

30.    The Greenwich Policy's Schedule of Underlying Insurance identifies the Primary Policy and notes its $1,000,000 each occurrence limit, a general aggregate limit, a product completed operations aggregate limit, and a personal and advertising injury limit. The referenced Schedule of Underlying Insurance does not list a separate limit for liability due to assault or battery or otherwise mention the terms "assault" and/or "battery." *Id.*, p. GREENWICH_00052.

31.    Subject to its terms, conditions, limitations and exclusions, Coverage U of the Greenwich Policy provides that Greenwich will pay those amounts an insured becomes legally obligated to pay in excess of a self-insured retention or other insurance. *Id.*, p. GREENWICH_00072.

32.    Paragraph 2.j. of Coverage U contains an exclusion that provides as follows:

2.    Exclusions

"We" do not pay for:

* * *

j. "bodily injury" or "property damage" arising out of the ownership, maintenance, use, occupancy, renting, operation, loaning, entrusting,

8

48798365

supervision, or "loading or unloading" of "autos", aircraft, watercraft, "mobile equipment", or "recreational vehicles".

Ex. D, p. GREENWICH_00074. The term "auto" is defined, in relevant part, as "a land motor vehicle." *Id.*, p. GREENWICH_00057.

## THE DISPUTE BETWEEN THE PARTIES

33.    On February 25, 2025, counsel for Mr. Speidel sent a letter to Greenwich containing a demand for the limits of the Greenwich Policy ($5,000,000) in exchange for settlement of the Underlying Lawsuit. A copy of that letter is attached as Exhibit F. The February 25, 2025 demand letter asserted that the full amount of coverage under the Greenwich Policy applied to Mr. Speidel's claims in the Underlying Lawsuit. *See* Ex. F, p. GREENWICH_00207-208.

34.    In correspondence dated March 5, 2025, Greenwich responded to the demand letter, rejecting the demand and setting forth its position as to why no coverage is available for the claims in the Underlying Lawsuit. A copy of Greenwich's letter is attached as Exhibit G.

35.    Specifically, Greenwich's letter of March 5, 2025, noted that there was no coverage pursuant to Coverage E, because the injuries to Mr. Speidel arose out of an assault and battery by Mr. Newsom, and the sublimited assault and battery coverage of the Primary Policy was not included in the Greenwich Policy's Schedule of Underlying Insurance. As a result, paragraph 1.h. of the Greenwich Policy precluded coverage under Coverage E. Ex. G, p. GREENWICH_00212.

9

48798365

36.     The March 5, 2025 letter further expressed Greenwich's position that there is no coverage available for the claims of Mr. Speidel under Coverage U of the Greenwich Policy because the injuries to Mr. Speidel arose out of the use or operation of an auto, and were therefore barred by the auto exclusion included in Coverage U. Ex. G, p. GREENWICH_00213.

37.     On March 6, 2025, counsel for Mr. Speidel sent another demand letter to Greenwich, which letter set a series of demands, beginning with a demand for the Greenwich Policy's limit of $5,000,000, and, if not accepted, increasing to $15,000,000.  A copy of the March 6, 2025, demand letter is attached as Exhibit H.

38.     In the March 6 demand letter, counsel for Mr. Speidel again expressed his disagreement with Greenwich's coverage position. The letter further accused Greenwich of taking frivolous coverage positions in bad faith to deny Mr. Speidel's settlement demands, echoing previous assertions of Mr. Speidel's counsel that the Greenwich has acted in bad faith with regard to Mr. Speidel's claim. Ex. H, p. GREENWICH_00215-216.

39.     There is an actual and justiciable controversy among the parties to this matter concerning whether the Greenwich Policy provides coverage for the Underlying Lawsuit claims of Mr. Speidel.

48798365

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT
## OF NO COVERAGE UNDER THE GREENWICH POLICY

40. Greenwich seeks a declaration that, under the terms of the Greenwich Policy, there is no coverage for the claims of Mr. Speidel in the Underlying Lawsuit as to either Coverage U or Coverage E, and that, as a result, Greenwich has no obligation to pay any amounts that any insured may become legally obligated to pay in the event of any judgment against any defendant in the Underlying Lawsuit.

41. Such a declaration will provide the parties with certainty with respect to their rights and obligations under the Greenwich Policy and therefore will serve the interests of justice by, among other things, allowing the parties to the Underlying Lawsuit to make decisions regarding settlement that are informed by the knowledge of the available insurance coverage.

WHEREFORE, Greenwich prays for the following relief:

a) That this Court declare that the Greenwich Policy does not provide coverage for the claims of Mr. Speidel in the Underlying Lawsuit arising out of his being hit by a car at the Complex on June 5, 2021;

b) For the costs of this action; and

c) For such other and further relief as this Court deems just and proper.

48798365

Respectfully submitted this 30th  day of May, 2025.

/s/ Christy M. Maple
Christy M. Maple
GA Bar No. 240807
Attorney for Plaintiff Greenwich
Insurance Company
PHELPS DUNBAR LLP
Glen Lake Four
4141 ParkLake Avenue, Suite 530
Raleigh, North Carolina 27612
Telephone:  919-789-5300
Facsimile:   919-789-5301
Email: christy.maple@phelps.com

48798365