**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GREENWICH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LION COLLIER RIDGE PROPERTY OWNER, LLC, LION REAL ESTATE GROUP, LLC, CARRIE PRICE, WILLIAM A. CARDOZA, and JACKSON SPEIDEL,<br><br>Defendants. | CIVIL ACTION NO.<br>1:25-CV-02989-SEG |

**DEFENDANT JACKSON SPEIDEL'S**
**MOTION TO DISMISS and BRIEF IN SUPPORT**

Defendant Jackson Speidel files this *Motion to Dismiss*, as follows:

## I. INTRODUCTION

Plaintiff Greenwich Insurance Company ("Greenwich") wants this Court issue advisory opinions. More specifically, Greenwich asks this Court to preemptively declare that it has no duty to indemnify the underlying defendants. However, this Court's subject-matter jurisdiction is limited to actions that are ripe and present actual, live cases and controversies. Defendant Jackson Speidel therefore moves to dismiss this action under

Federal Rule 12(b)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Speidel filed the underlying state action against Defendants Lion Collier Ridge Property Owner, LLC, Lion Real Estate Group, LLC, Carrie Price, William Cardoza, and Does 1-5. (Doc. 1-3). The underlying action arose from an incident at an apartment complex—Collier Ridge—in Atlanta, Georgia. (*Id.* at ¶¶ 14-16). On June 5, 2021, Speidel, a resident of Collier Ridge, "was taking out his trash at the subject premises when he was struck by a vehicle nearby the trash dumpster[.]" (*Id.* at ¶ 16). Speidel was struck by a fellow Collier Ridge resident, Gaelen Newsom, who contends he "is/was mentally ill at the time of the subject collision, causing him to run into Speidel." (*Id.* at ¶ 17).

Speidel filed the underlying action in the State Court of Gwinnett County on April 9, 2023. (*Id.*). During the course of litigation, Speidel became aware of two insurance policies covering Collier Ridge. First, a primary insurance policy held by Penn-America Insurance Company, and second, an excess and umbrella policy maintained by Greenwich. (Doc. 1-6). On February 6, 2025, Speidel sent a demand letter to the underlying defendants seeking to settle the claims for $6 million. (Doc. 1-7). Then, on February 25, 2025, Speidel sent a second demand letter to Greenwich seeking a compromise settlement based on the Greenwich policy limit of $5 million. (*Id.*). On March 5, 2025,

Greenwich responded by denying coverage under the relevant excess policy. (Doc. 1-7). The following day, Speidel sent a response disputing Greenwich's interpretation of the excess and umbrella policy. (Doc. 1-8). After those exchanges, Greenwich filed the instant action. (Doc. 1).

In its Complaint, Greenwich asks the Court to declare that it has no duty to "pay any amounts that any insured ***may*** become legally obligated to pay ***in the event of*** any judgment against any defendant in the Underlying Lawsuit." (Doc. 1, ¶ 40 (emphasis added)). In essence, Greenwich is asking the Court to opine about its *hypothetical* responsibilities under a *hypothetical* judgment. That runs afoul of this Court's subject-matter jurisdiction.[1]

## III. ARGUMENT AND CITATION TO AUTHORITY

"In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Additionally, "[f]or a controversy to exist, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Md. Cs. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

[1] *Tari v. Collier Cnty.*, 56 F.3d 1533, 1535 (11th Cir. 1995) ("The question of ripeness 'goes to whether the district court had subject matter jurisdiction.'").

On this point, the Eleventh Circuit has held that an insurer's "duty to indemnify [the insured] is not ripe ***until the underlying lawsuit is resolved***." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 786 F. App'x 768, 770 (11th Cir. 2019) (emphasis added); *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or final resolution of the underlying claims."); *Essex Ins. Co. v. Littlejohn*, No. 1:15-cv-897-MHC, 2016 WL 5340543, at *4 (N.D. Ga. Feb. 12, 2016) ("An insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.").

Even more, as this Court has explained, Georgia law is clear that the duty to indemnify is distinct from the duty to defend.[2] *Northfield Ins. Co. v. Northbrook Indus., Inc.*, 749 F. Supp. 3d 1325, 1341 (N.D. Ga. 2024); *see also Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc.*, No. 2:11-CV-00215-RWS, 2012 WL 1038748, at *3 (N.D. Ga. Mar. 27, 2012) ("Under Georgia law, the duty to defend and the duty to indemnify are separate and independent obligations."). Accordingly, "it is possible that an insurer could have a duty to

[2] To be sure, Greenwich is not being asked to defend the underlying action. Nor does Greenwich's Complaint ask the Court to determine any potential duty to defend. Therefore, Greenwich's Complaint can only be read to seek a declaration as to its duty to indemnify.

defend an insured but, at the conclusion of the underlying lawsuit, have no duty to indemnify." *Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*, 631 F. Supp. 3d 1256, 1268 (N.D. Ga. 2022), *aff'd*, No. 22-13581, 2023 WL 6319224 (11th Cir. Sept. 28, 2023).

For that reason, this Court has repeatedly held that an insurer's declaratory judgment action—on the question of indemnification—is not ripe until the insured "becomes legally obligated to pay damages *upon the entry of a final judgment or settlement of the underlying claims*." *Recytech USA, Inc. v. Grange Ins. Co.*, 754 F. Supp. 3d 1328, 1345 (N.D. Ga. 2024) (citations omitted). Put differently, "[t]he court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion, which this court cannot give." *Great N. Paper Co. v. Babcock & Wilcox Co.*, 46 F.R.D. 67, 70 (N.D. Ga. 1968); *see also Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960) ("[I]t is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass.").[3]

---

[3] Decisions of the Fifth Circuit handed down prior to close of business on September 30, 1981, are binding on this court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, Greenwich's own Complaint admits that its duty to indemnify is based on future *hypothetical* developments. *See* (Doc. 1, ¶ 40 ("Greenwich seeks a declaration that . . . [it] has no obligation to pay any amounts that any insured ***may*** become legally obligated to pay ***in the event of*** any judgment against any defendant in the Underlying Lawsuit.") (emphasis added)). Courts in this Circuit have concluded that similar language presents claims that are not ripe "because [such claims] depends upon an outcome adverse to [the insured]." *Mt. Hawley Ins. Co. v. Giant Oil, Inc.*, No. 809-CV-2227-T-23TGW, 2010 WL 1525518, at *2 (M.D. Fla. Apr. 15, 2010).

The fact that Greenwich issued an excess insurance policy does not change the outcome, either. Indeed, "[e]xcess insurance exists where, under the terms of the policy, liability only attaches after a predetermined amount of primary insurance coverage has been exhausted." *Wilshire Ins. Co. v. Crestview Towers Condo. Ass'n, Inc.*, No. 21-23214-CV, 2023 WL 5352777, at *8 (S.D. Fla. June 27, 2023), *report and recommendation adopted*, No. 1:21-CV-23214-DPG, 2023 WL 5350838 (S.D. Fla. Aug. 18, 2023). And, "[n]o action for declaratory relief will lie to establish an excess insurer's liability until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Id.* (citing *Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971)).

Greenwich also cannot rely on the assumption that the primary insurance will be exhausted because of the norm in similar cases. That's because the Court is not authorized to "exercise jurisdiction over this dispute on the basis of judgments in separate actions involving other parties." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-CV-60273, 2010 WL 11552848, at *6 (S.D. Fla. Oct. 24, 2010). Put simply, "[b]ecause there has been no judgment rendered against the [insured], no action for declaratory relief will lie in this case." *Wilshire Ins. Co.*, 2023 WL 5352777, at *8.

## IV. CONCLUSION

For these reasons, Defendant Jackson Speidel asks this Court to dismiss Greenwich's action.

Dated: June 10, 2025.

**PIASTA WALKER HAGENBUSH, LLC**

*/s/ Cole M. Harper*
Michael P. Walker
Georgia Bar No. 954678
Cole M. Harper
Georgia Bar No. 984648
*Attorneys for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
mike@piastawalker.com
cole@piastawalker.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Motion to Dismiss by filing the same via CM/ECF, which will send automatic notification to the following counsel of record:

Christy M. Maple
christy.maple@phelps.com

Dated: June 10, 2025.

**PIASTA WALKER HAGENBUSH, LLC**

*/s/ Cole M. Harper*
Cole M. Harper
Georgia Bar No. 984648
*Attorney for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
cole@piastawalker.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the above motion was prepared using one of the approved font and type selections under Local Rule 5.1(c), namely, 13-point Century Schoolbook.

*/s/ Michael P. Walker*
Michael P. Walker
Georgia Bar No. 954678