**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GREENWICH INSURANCE COMPANY,

Plaintiff,

v.

LION COLLIER RIDGE PROPERTY OWNER, LLC, LION REAL ESTATE GROUP, LLC, CARRIE PRICE, WILLIAM A. CARDOZA, and JACKSON SPEIDEL,

Defendants.

CIVIL ACTION NO.
1:25-CV-02989-SEG

---

**DEFENDANT JACKSON SPEIDEL'S
MOTION TO DISMISS and BRIEF IN SUPPORT**

---

Following the Court's docket order instructing Defendants Lion Collier Ridge Property Owner, LLC and Lion Real Estate Group, LLC to file additional information regarding their membership, it is clear that this Court lacks subject-matter jurisdiction because Plaintiff Greenwich Insurance Company and Defendant Lion Collier Ridge Property Owner, LLC are both residents of Connecticut.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Speidel filed the underlying state action against Defendants

Lion Collier Ridge Property Owner, LLC, Lion Real Estate Group, LLC, Carrie Price, William Cardoza, and Does 1-5. (Doc. 1-3). The underlying action arose from an incident at an apartment complex—Collier Ridge—in Atlanta, Georgia. (*Id.* at ¶¶ 14-16). On June 5, 2021, Speidel, a resident of Collier Ridge, "was taking out his trash at the subject premises when he was struck by a vehicle nearby the trash dumpster[.]" (*Id.* at ¶ 16). Speidel was struck by a fellow Collier Ridge resident, Gaelen Newsom, who contends he "is/was mentally ill at the time of the subject collision, causing him to run into Speidel." (*Id.* at ¶ 17).

Speidel filed the underlying action in the State Court of Gwinnett County on April 9, 2023. (*Id.*). During the course of litigation, Speidel became aware of two insurance policies covering Collier Ridge. First, a primary insurance policy held by Penn-America Insurance Company, and second, an excess and umbrella policy maintained by Greenwich. (Doc. 1-6). On February 6, 2025, Speidel sent a demand letter to the underlying defendants seeking to settle the claims for $6 million. (Doc. 1-7). Then, on February 25, 2025, Speidel sent a second demand letter to Greenwich seeking a compromise settlement based on the Greenwich policy limit of $5 million. (*Id.*). On March 5, 2025, Greenwich responded by denying coverage under the relevant excess policy. (Doc. 1-7). The following day, Speidel sent a response disputing Greenwich's interpretation of the excess and umbrella policy. (Doc. 1-8). After those

exchanges, Greenwich filed the instant action. (Doc. 1).

## II. ARGUMENT AND CITATION TO AUTHORITY

"[I]t is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861 (11th Cir. 2008). Instead, "a suit under the [Declaratory Judgment] Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). For diversity jurisdiction, "all parties must be completely diverse, requiring all plaintiffs to be diverse from all defendants." *Lustig v. Stone*, 679 F. App'x 743, 744 (11th Cir. 2017). "If the district court concludes it has no jurisdiction, it generally must dismiss a case without ever reaching the merits."[1] *Id.*

Plaintiff Greenwich Insurance Company brought this case in federal court via the Court's diversity jurisdiction. [Doc. 1, ¶ 8]. Plaintiff Greenwich Insurance Company is a "corporation organized under the laws of Delaware with its principal place of business in Stanford, Connecticut." [Doc. 1, ¶ 2].

---

[1] *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Objections to subject-matter jurisdiction . . . may be raised at any time."); *Cooper v. Rivers at Austin*, No. 1:20-CV-4941-CAP, 2021 WL 2480111, at *1 (N.D. Ga. May 5, 2021) ("Since the motion to dismiss is solely a challenge to this court's subject-matter jurisdiction, the argument may be raised at any time.").

Similarly, Defendant Lion Collier Ridge Property Owner, LLC[2] is a Delaware limited-liability company, whose sole managing member is Lion Collier Ridge, LLC. Lion Collier Ridge, LLC is a Delaware limited-liability company that has at least one resident of Connecticut. [Doc. 18, p. 2]. Accordingly, Lion Collier Ridge, LLC is a citizen of Connecticut, and so is Lion Collier Ridge Property Owner, LLC. Because Greenwich is also a resident of Connecticut, *see Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014), the Court lacks subject-matter jurisdiction and must dismiss the action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**CONCLUSION**

For these reasons, Defendant Jackson Speidel asks this Court to dismiss Greenwich's action for lack of subject-matter jurisdiction.

Dated: October 13, 2025.

**PIASTA WALKER HAGENBUSH, LLC**

*/s/ Cole M. Harper*
Michael P. Walker
Georgia Bar No. 954678
Cole M. Harper
Georgia Bar No. 984648
*Attorneys for Plaintiff*

3301 Windy Ridge Parkway
Suite 110

---

[2] A "limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Atlanta, Georgia 30339
(404) 996-1296
mike@piastawalker.com
cole@piastawalker.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Motion to Dismiss by filing the same via CM/ECF, which will send automatic notification to counsel of record.

Dated: October 13, 2025.

**PIASTA WALKER HAGENBUSH, LLC**

*/s/ Cole M. Harper*
Cole M. Harper
Georgia Bar No. 984648
*Attorney for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
cole@piastawalker.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above motion was prepared using one of the approved font and type selections under Local Rule 5.1(c), namely, 13-point Century Schoolbook.

*/s/ Michael P. Walker*
Michael P. Walker
Georgia Bar No. 954678